## DINKINS et al. v. CORNISH.

District Court, E. D. Arkansas, W. D.
June 23, 1930.

Buzbee, Pugh & Harrison, of Little Rock, Ark., for plaintiffs.

Cockrill & Armistead, of Little Rock, Ark., for defendant.

Chas. T. Coleman, of Little Rock, Ark., amicus curiæ.

MARTINEAU, District Judge.

Ed Cornish died insolvent, with life insurance, with his wife, the defendant, as beneficiary, in the sum of $436,500. The premiums upon this insurance had been paid by Cornish out of his own funds. Plaintiffs, creditors of Cornish, now seek to have so much of this insurance as was purchased by premiums in excess of $300 annually treated as part of his estate and subject to the payment of their debts. The defendant claims this insurance as her individual property and denies the right of plaintiffs to have it applied upon the debts of her husband., except such premiums as may have been paid while he was insolvent.

A decision of this question requires a construction of section 5579, Crawford & Moses Digest of the Statutes of Arkansas, which reads as follows:

"It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent, as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period, or for the term of his natural life; and, in case of her surviving her husband, the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her and for her use; and, in case of the death of the wife before the decease of her husband, the amount of said insurance may be made payable to his or her children, for their use, and to their guardian, for them, if they shall be under age, as shall be provided in the policy of insurance; and such sum or amount of insurance so payable shall be free from the claims of the representatives of the husband, or of any of his creditors; but such exemption shall not apply where the amount of premium annually paid out of the funds or property of the husband shall exceed the sum of three hundred dollars."

The particular question here raised has never been passed upon by the Arkansas Supreme Court. The question was discussed in Davis v. Cramer, 133 Ark. 224, 202 S. W. 239, but the court went no further than to hold that the statute involved was an exemption statute. The facts of that case, in the opinion of the court, did not bring it within the statute here involved.

The Arkansas statute was evidently borrowed from the New York statute, and carried with it the meaning which the courts of

that state had placed upon it prior to its adoption in Arkansas. The New York decisions clearly hold that the insurance bought with premiums in excess of the exemption allowed in the statute is to be treated as the property of the husband and subject to the payment of his debts. His solvency or insolvency at the time of payment of premiums is not material.

 The intent and purpose of the statute was to permit the husband to use out of his own funds a reasonable amount for the purchase of insurance for the benefit of his wife and children. While in its inception the statute may have had other purposes, it is clear that one purpose was to treat insurance bought with the funds of the husband for the benefit of his wife and children as his property as an investment, the proceeds of which go to the payment of his debts at his death, where the amount annually invested exceeded three hundred dollars. It put in the form of a statute the equitable principle announced by the Supreme Court of the United States in Bank v. Hume, 128 U. S. 195, 9 S. Ct. 41, 32 L. Ed. 370, and fixed definitely the amount of premium exempt.

While the general law of fraudulent conveyances is perhaps in effect in Arkansas, with reference to life insurance generally, this statute changed it where the insurance upon the husband's life is payable to his wife and children and the annual premiums are paid out of his own property. Under such circumstances the insurance is to be treated as a part of his estate, although the beneficiary is his wife. The value of her insurable interest in no way affects this insurance, because the premium is paid by the husband. It is, in fact, his property, and, as a rule, under policies now written he may change the beneficiary at will. Since he pays the premiums, the law regards the insurance as the result of an annual investment which is exempt to the wife, so long as the premiums do not exceed three hundred dollars annually. The insurance, however, bought with premiums in excess of $300 remains a part of his estate. Such a construction of the law is not only the clear intent and meaning of the statute, but is in conscience and equity right, an element to be considered in construing doubtful statutes.

Some courts, in construing similar statutes, have followed the strict letter of the law and have allowed no exemptions, where the annual premiums paid exceed $300. A proper construction of this statute, in my opinion, is to treat the insurance bought with annual premiums of $300 as exempt, and make only the insurance bought with premium in excess of that sum subject to the payment of the husband's debts. A liberal construction of exemption statutes requires that the spirit as well as the literal wording of the statute be taken into consideration in construing it.

An order in accordance with this opinion will be entered in this case.